## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Case No. 1:21-cr-35-EGS** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JEFFREY SABOL** | **:** | |

## MOTION FOR PRETRIAL RELEASE

The defendant, through undersigned counsel, respectfully requests that this Honorable Court order Mr. Sabol's release from detention pending trial.

As grounds for his request, Mr. Sabol, through undersigned counsel states:

## BACKGROUND

On January 11, 2021, Mr. Sabol was stopped by police in New City, NY for a traffic violation. Upon approaching his vehicle, officers observed that Mr. Sabol had several apparently self-inflicted wounds. Mr. Sabol was transported for medical care. Officers interviewed Mr. Sabol at the Westchester Medical Center on January 12th and 13th. Mr. Sabol was presented in U.S. District Court for the Southern District of New York on January 22, 2021 in relation to a U.S. District Court for the District of Columbia arrest warrant. Magistrate Judge Andrew E. Krause denied the request for release and ordered Mr. Sabol detained as a "risk of flight/danger." *See* Minute Entry, 7:21-mj-866-UA-1 (1/22/2021). Mr. Sabol was then transported to the District of Columbia area. Mr. Sabol is currently detained at Northern Neck Regional Jail, which is a two-hour drive from Washington, D.C.

The government filed an eight count indictment against Mr. Sabol on January 29, 2021. *See* ECF #8. Mr. Sabol is charged one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of  18 U.S.C. §§ 111(a)(1), (b); one count of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); two counts of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one count of Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1), (b)(1)(A); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds With a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2), (b)(1)(A); one count of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4), (b)(1)(A); and one count of Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(F). The first seven counts are felonies while the eight count is a misdemeanor. The most serious offense, a violation of section 111(b), carries a 20-year maximum penalty. None of the charges carry a mandatory minimum.

## STATEMENT OF FACTS

According to the government, Mr. Sabol can be seen on video and photographs from January 6th protests outside of the U.S. Capitol. These videos and photographs purport to show Mr. Sabol in a large throng of individuals near a tunnel and archway connecting the interior of the U.S. capitol to the exterior of the U.S. Capitol. Washington, D.C. Metropolitan Police Officer Officer B.M. reported to the tunnel on his evening shift, at approximately 4:00 to 5:00 PM.

The government further alleges that Mr. Sabol is visible participating, along with other individuals, in pulling B.M. down the stairs and striking him. The statement of facts in support of

2

complaint, which charged one count of violating 18 U.S.C. § 231(a)(3), does not discuss the factual basis for other charges in the indictment. Separately, undersigned counsel has viewed a different video that shows the individual identified by the government as Mr. Sabol in the photos and video stills embedded in the Statement of Facts. A voice can be heard urging others to not attack officers. Undersigned counsel also has spoken to a witness who has known Mr. Sabol for over 10 years and who says the voice in the video is that of Mr. Sabol.

## ARGUMENT

Per the docket entry and document filed on Jan. 22, 2021, ECF #3, Magistrate Judge Andrew Krause detained Mr. Sabol as a risk of flight/danger. The order references a transcript, which undersigned counsel has not viewed. A bond hearing "may be reopened … at any time before trial if the judicial officer find that information exists that was not known to the movant at the time of hearing and that has a material bearing on the issue" of pretrial detention. *See* 18 U.S.C. § 3142(f). Since being hired to represent Mr. Sabol, thirty friends and family members of Mr. Sabol have drafted and submitted letters on Mr. Sabol's character and ties to the community,[1] which were not before Magistrate Judge Krause. Additionally, the video referenced above was not presented to Magistrate Judge Krause.

Relevant factors in determining whether conditions of release exist that will assure the appearance of the person at hearings and the safety of any other person in the community include: (1) the nature and circumstances of the offense charged, (2) the weight of evidence against the person; (3) the history and characteristics of the person; and (4) the nature and

---

[1] Per the Court's February 22nd Minute Order, redacted copies of the letters are filed along with the motion. Unredacted have been submitted to the Court and government.

seriousness of the danger to any person or the community posed by an individual's release. 18

U.S.C. § 3142(f). In light of these considerations, Mr. Sabol is a strong candidate for pretrial

release.

The government alleges that Mr. Sabol is on video striking MPD Officer B.M. with a

dangerous weapon – a police baton. Additionally, the indictment alleges Mr. Sabol separately

"did forcibly assault, resist, oppose, impede, intimidate, and interfere with" MPD Officer A.W.,

without a deadly or dangerous weapon. The remaining counts also arise from this alleged

conduct and Mr. Sabol's general presence outside of the U.S. Capitol on January 6th. Although

the alleged conduct is serious, it appears to have arisen in the context of a hysterical throng. The

attached character letters indicate that any alleged violent conduct by Mr. Sabol would be out of

character for him. The government has disclosed video and photographic evidence of at least one

of the alleged assaults. In light of the additional video undersigned counsel has viewed, the

government's video is ambiguous as to whether the individual in the video believed himself to be

helping, rather than harming, the officer B.M.

The character letters offered in support of this motion paint a very different picture of Mr.

Sabol than the one the government alleges. In particular, the people who know Mr. Sabol best

say he is a peaceful and nonviolent person. He has strong communities in New York, where his

family resides, and Colorado, where he resides with his long-time girlfriend. The volume and

content of the attached letters offer strong support in favor of release – Mr. Sabol is a responsible

person who has strong support from friends and family. Mr. Sabol volunteers in his community

through the Westernaires organization and also takes an active role in his community by helping

neighbors and friends when they need it. Many of the individuals writing in his support indicate

their surprise at the allegations in this case and indicate. To the extent that probable cause for these offenses exist, the letters indicate that it would be an aberration at the very least. At the time of his arrest, Mr. Sabol had reached a mental breaking point. He has recovered from the episode and is focused on resolving this case responsibly.

Mr. Sabol is 51 years old. He has lived in Colorado for 28 years. He has lived at his current address since 2012. Mr. Sabol has three children from a previous marriage. Mr. Sabol is one of three children, although his brother is deceased. Mr. Sabol is close with his family. His parents and sister live in New York state. Mr. Sabol also has a long employment record. Mr. Sabol was employed at the time of his arrest. He has worked as a Senior Geophysical Manager for Kemron, where he has been employed for 6.5 years. Prior to that he worked for ECC for 13 years and Parsons Environmental for 1 year.

Although the most serious charged offense carries a maximum penalty of 20 years, none of the offenses have mandatory minimums. Mr. Sabol has a long record of living as a productive and positive member of society. If released, Mr. Sabol could return to his residence in Colorado –he would be a long distance from the location of the alleged crime and victims, who are strangers to Mr. Sabol, in this case. The pretrial service report in New York recommended release on an unsecured bond with conditions to include surrendering his passport, GPS monitoring, and restricted travel to his home and the District of Columbia for court. Release with strict conditions is appropriate in this case.

**WHEREFORE**, for all these reasons and any that may appear to the Court, the defendant, through undersigned counsel, respectfully requests that this Honorable Court grant the defendant's Motion for Pretrial Release and release Mr. Sabol to HISP.

　　　　　　　　　　　　　　　　　/s/ Jon w. Norris
　　　　　　　　　　　　　　　　Jon W. Norris, D.C. Bar No. 426105
　　　　　　　　　　　　　　　　Attorney for Jeffrey Sabol
　　　　　　　　　　　　　　　　The Law Offices of Jon W. Norris
　　　　　　　　　　　　　　　　503 D Street, NW, Suite 250
　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　Tel: (202) 371-0300
　　　　　　　　　　　　　　　　Fax: (202) 842-2627

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 1:21-cr-35-EGS** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY SABOL** | : | |

## ORDER

Upon consideration of Defendant Jeffrey Sabol's Motion for Pretrial Release, it is this

_____ day of _____, 20__, hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Mr. Sabol is released to HISP.

_____
THE HONORABLE JUDGE EMMET G. SULLIVAN

Copies To:

Jon W. Norris
Law Offices of Jon W. Norris
503 D Street NW
Suite 250
Washington DC, 20001
202.301.0300
jonnorrislaw@gmail.com


Colleen Kukowski
Assistant U.S. Attorney
U.S. Attorney's Office for the District of
Columbia
555 Fourth Street NW
Washington, DC 20530
Colleen.Kukowski@usdoj.gov