UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:21-cr-35-EGS |
| | : | |
| v. | : | |
| | : | |
| JEFFREY SABOL | : | |

## OPPOSITION TO GOVERNMENT'S MOTION
## TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The defendant, Jeffrey Sabol, through undersigned counsel, respectfully requests that this Honorable Court deny the government's request to exclude time under the Speedy. In support of this, undersigned counsel states the following:

### BACKGROUND

1. On January 11, 2021, Mr. Sabol was stopped by police in New City, NY for a traffic violation. Upon approaching his vehicle, officers observed that Mr. Sabol had several self-inflicted wounds. Mr. Sabol was transported for medical care.

2. Mr. Sabol was arrested and presented in U.S. District Court for the Southern District of New York on January 22, 2021 in relation to a U.S. District Court for the District of Columbia arrest warrant. Mr. Sabol was subsequently transported to the District of Columbia area. He was held at Northern Neck Regional Jail for a period of time and then transported the D.C. Jail, where he is currently detained.

3. The government filed an eight-count indictment against Mr. Sabol on January 29, 2021. *See* ECF #8. The indictment charged Mr. Sabol with seven felonies and one misdemeanor. On March 12, 2021, the government filed a superseding indictment against Mr. Sabol and the four co-defendants, which did not add any additional charges for Mr. Sabol. *See* ECF #23.

1

4. Currently, Mr. Sabol is charged one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) & (b); one count of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); two counts of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one count of Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1), (b)(1)(A); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds With a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2), (b)(1)(A); one count of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4), (b)(1)(A); and one count of Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(F).

5. A bond motion for Mr. Sabol was filed on Feb. 23, 2021. The Court held a hearing on this motion on Apr. 8, 2021. The Court denied the motion in a written Order and accompanying Memorandum Opinion on April 14, 2021. *See* ECF #55 & #56.

6. On April 13, 2021, the government filed its Motion to Continue and to Exclude Time Under the Speedy Trial Act (hereinafter "Gov't Mot."), in which it requested a 60-day exclusion under the Speedy Trial Act.

7. Mr. Sabol has thus been detained in this case for 83 days.

## STATEMENT OF FACTS

Although Mr. Sabol is charged with eight counts, all relate to the same period of conduct lasting no more than several seconds on January 6, 2021 in one location. The government has already turned over some video recovered from publicly available videos online as well as

bodyworn camera clips of several officers. The government has a large ongoing investigation into the 300+ defendants charged in relation to the events on January 6th. The aggregate potentially discoverable material for each of these individuals is large.

In Mr. Sabol's case, the government has already disclosed some clips of the relevant video and has been responsive to requests for video additional. The second clip played on Mr. Sabol's behalf at the bond hearing came from a video that was posted online. The video subsequently became unavailable. Just prior to the hearing, the defense reached out to the government to see if it possessed the video. In less than four hours the government was able to provide a copy of the video.

## ARGUMENT

I. **EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT IS NOT APPRORIATE IN THIS CASE.**

In its motion, the government requests a delay on the basis that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* Gov't Mot. 5 (citing 18 U.S.C. § 3161(c)(1)). The government points to three relevant considerations under the Speedy Trial Act in support of its argument that the Court should grant its request for a 60-day continuance: failure to grant the continuance would make continuation impossible or result in a miscarriage of justice; the case is unusual or complex; and the time necessary for effective preparation for trial. *See id.* at 5-6 (citing 18 U.S.C. § 3161(h)(7)(B)(i)-(iii)). Factually, the government relies on the number of defendants currently charged in relation to January 6th and quantity of discovery relevant to each of these individuals.

As charged, much of this referenced discovery material and the number of defendants does not appear relevant to Mr. Sabol's case. In fact, in the videos that the government showed at the

bond hearing, Mr. Sabol appeared to be moving through the crowd alone. He appears to be a stranger to the other co-defendants in the case. As charged, the relevant discovery material to Mr. Sabol seems far more limited than the total discovery the government has to review in each of the January 6th cases. Mr. Sabol remains detained while the government completes its review of information, much of which is not relevant to his case. Based on the ease with which the government was able to disclose a requested video for the bond hearing, the government seems to already have some ability to locate relevant information in the larger volume of materials related to January 6th.

In another protest case where the government requested a 60-day continuance for the same reasons, Judge Bates only granted a thirty-day continuance where the defendant was not detained. *See* Memorandum Opinion, *United States v. Federico Guillermo Klein*, 1:21-cr-236-JDB (Apr. 12, 2021), ECF #29, at 27. Judge Bates considered a shorter continuance appropriate "to further monitor" the progress of discovery. Because the government points to the large volume of discovery, undersigned counsel is concerned this will become the basis for ongoing continuance requests that will make the timeline of the case open ended. Since Mr. Sabol is detained, a continuance is not appropriate at this time.

5

**WHEREFORE**, for all these reasons and any that may appear to the Court, the defendant, through undersigned counsel, respectfully requests that this Honorable Court deny the government's motion.

     /s/ Jon w. Norris
Jon W. Norris, D.C. Bar No. 426105
Attorney for Jeffrey Sabol
The Law Offices of Jon W. Norris
503 D Street, NW, Suite 250
Washington, DC 20001
Tel: (202) 371-0300
Fax: (202) 842-2627