**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 21-cr-35-EGS |
| JEFFREY P. SABOL, | |
| Defendant. | |

## <u>APPLICATION FOR ACCESS TO VIDEO EXHIBITS</u>

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to certain video recordings that have been submitted to the Court in this matter.  In support of this application the Press Coalition states as follows:

1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"), a copy of which is attached hereto for the Court's convenience.  The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings."  *See* Standing Order at 2.

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4.      This action is one of the Capitol Cases.  Defendant Jeffrey P. Sabol is charged with "eight serious misdemeanor and felony offenses arising from his participation in the events at the U.S. Capitol on January 6, 2021," including having "forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Metropolitan Police Department ('MPD') officers while they were attempting to help the U.S. Capitol Police maintain the security of the U.S. Capitol." Mem. Op., Dkt. 56 at 1-2.

5.      In briefing on Defendant's request for release from detention pending trial, which the Government opposed, both Defendant and the Government referenced and submitted videos in support of their arguments (the "Video Exhibits").  *See* Mot. for Pretrial Release, Dkt. 17 at 3; Notice of Filing of Video Exhibit, Dkt. 17-2; Opp. to Def.'s Mot. for Pre-Trial Release, Dkt. 20 at 4-8, 11, 14.  Throughout its Memorandum Opinion denying Defendant's request for release, the Court stated that it reviewed the "chilling video footage provided by the government and Mr.

Sabol" and repeatedly referenced the Video Exhibits.  *See* Dkt. 56 at 4, 5, 9, 23, 26, 34, 38-46, 57-58.

6.     The Video Exhibits were plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access."  *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.     Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980).  *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.     Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.     The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge."  *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

**CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

Dated:  June 22, 2021             Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Jon W. Norris
LAW OFFICES OF JON W. NORRIS
503 D Street, NW
Suite 250
Washington, DC 20001
(202) 371-0300
Email: jonnorrislaw@gmail.com

*Counsel for Defendant Jeffrey P. Sabol*

Colleen D. Kukowski
U.S. DEPARTMENT OF JUSTICE
U.S. Attorney's Officer for the District of Columbia
555 4th St. NW
Washington, DC 20530
202-252-2646
Email: colleen.kukowski@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Assistant U.S. Attorney

Benet Kearney
DOJ-USAO
One Saint Andrew's Plaza
New York, NY 10007
212-637-2260
Fax: 212-637-2243
Email: benet.kearney@usdoj.gov

*Counsel for the United States of America*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)