IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY P. SABOL,<br><br>          Defendant. | Case No. 21-cr-35-EGS-1 |

## SECOND APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to certain video recordings that have been submitted to the Court in this matter. In support of this Second Application the Press Coalition states as follows:

1. On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings." *See* Standing Order at 2.

2. To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3. The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4. Defendant Jeffrey P. Sabol is charged with a number of crimes in connection with his alleged participation in the Capitol riots, including having "forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Metropolitan Police Department ('MPD') officers while they were attempting to help the U.S. Capitol Police maintain the security of the U.S. Capitol."  Mem. Op., Dkt. 56 at 1-2.

5. Shortly after his arrest, Sabol requested that he be released on bond. *See* Mot. for Pretrial Release, Dkt. 17. On April 14, 2021, the Court stated that it reviewed the "chilling video footage provided by the government and Mr. Sabol" and denied his request for release from custody. *See* Mem. Op., Dkt. 56.

6. On June 22, 2021, the Press Coalition filed an application for access to video exhibits submitted in connection with Sabol's first request for release from detention pending trial. *See* Application for Access to Video Exhibits by the Press Coalition as to Jeffrey P. Sabol,

Dkt. 78.  After considering Sabol's and the Government's positions, the Court granted the Press Coalition's first Application and ordered the Government to promptly make available the four requested video exhibits without any republication restrictions.  *See* Minute Order of July 8, 2021; *Video Evidence Shown in the Capitol Insurrection Criminal Cases*, ProPublica (July 27, 2021), https://projects.propublica.org/jan-6-video-evidence/ (released videos under USA v. Sabol).

7. On August 23, 2021, Sabol requested that the Court reopen the detention hearing in light of "new video evidence that defendant provided has a material bearing on the issue of whether defendant can be released pretrial."  Def. Jeffrey Sabol's Mem. in Support of Mot. for Pre-Trial Release from Custody at 9, Dkt. 102.  Sabol alleged that "footage that was not shown to Your Honor at defendant's initial hearing" showed that he did not violently assault MPD officers.  *Id.* at 12.  Sabol submitted a total of five videos to the Court with this motion (the "Video Exhibits").  *See* Exhibit List for Def.'s Mot. for Modification of Bail, Dkt. 102-1.

8. The Video Exhibits are plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access."  *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

9. Neither the Government nor Sabol could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980).  *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

10. Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours.

To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

11. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

Dated: August 24, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.