UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-35-1 (EGS) |
| v. | : | |
| | : | |
| JEFFREY SABOL | : | |
| Defendant. | : | |

## JOINT RESPONSE TO APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Defendant Jeffrey Sabol, by and through his attorney, Alex Cirocco, Esq., hereby responds to the Court's September 17, 2021 Minute Order directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in *United States v. Jeffrey Sabol*, 21-cr-35-1 (EGS), motion for reconsideration/re-opening his bond hearing. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence submitted in the motion for reconsideration/reopening of defendant Jeffrey Sabol. Defense Counsel and the Government have conferred and the parties agree that the videos submitted to this Court canbe released in accordance with the procedure outlined by the Chief Judge. *See* Standing Order 21-28 (BAH), at 6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when determining whether the common-law right of access to judicial records requires those records to

---

1  The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes forwhich the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits for the upcoming bond hearing, scheduled before Your Honor on October 7, 2021. The defendant submitted six video exhibits to this Court in advance of the October 7, 2021 detention hearing beforeJudge Sullivan; the Government submitted five video exhibits.  Neither party sought a sealing order for the video exhibits and all the video exhibits may be played during the hearing.

Therefore, since the video exhibits were relied upon in the submitted briefs, and were not subject to a sealing order, the parties do not object to its disclosure, including their release for recording, copying, downloading, retransmitting, or further broadcasting.

                                    Respectfully submitted,

                                    s/Alex Cirocco
                                    Alex Cirocco, Esq.
                                    Attorney for Jeffrey Sabol
                                    DC Bar ID # NJ 037
                                    Law Offices of Alex Cirocco, LLC
                                    600 Getty Avenue, Suite 305
                                    Clifton, NJ 07011
                                    973-327-9995
                                    alex@ciroccolaw.com

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Response to Minute Order Regarding Video Exhibit Release was served on all counsel of record via the Court's electronic filing service.

        */s/ Alex Cirocco*
        ALEX CIROCCO, ESQ.

Date:  September 20, 2021