UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:21-cr-35-EGS |
| | : | |
| v. | : | |
| | : | |
| **JEFFREY SABOL** | : | |
| **Defendant** | | |

### DEFENDANT JEFFREY SABOL'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRE-TRIAL RELEASE FROM CUSTODY

Defendant Jeffrey Sabol (hereinafter "defendant" or "Mr. Sabol"), though undersigned counsel, respectfully submits this reply memorandum in support of his motion to be released from pre-trial custody.

Defendant respectfully amends his initial memorandum in regards to where he would be requesting he reside if Your Honor were to grant his pretrial release.  Defendant asks this Court to release him to the residence of his domestic partner Michelle.  Michelle owns a home directly next door to defendant's parents' home in New York.  Defendant has known Michelle for nearly 35 years and the two have been in a dating relationship for approximately 9 and a half years.  Michelle would gladly oblige to any and all searches of her home by pretrial services to ensure her residence complies with any Orders Your Honor would impose.  Michelle is also willing to sign as a Financially Responsible Person for Jeff's release and put her house up as bond.

Defendant also alerts the Court and Government that his mother suffers from Chronic Obstructive Pulmonary Disease (COPD) and other respiratory issues.  Defendant has not seen his mother in approximately 2 years because of the COVID-19 pandemic.

The defendant states the following in response to the Government's opposition:

1

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies, on Friday, September 24, 2021, the within motion was filed via the Court's electronic filing service.

Dated: September 24, 2021                    Respectfully Submitted,

                                             s/Alex Cirocco

                                             Alex Cirocco, Esq.
                                             Attorney for Jeffrey Sabol
                                             DC Bar ID # NJ 037
                                             Law Offices of Alex Cirocco, LLC
                                             600 Getty Avenue, Suite 305
                                             Clifton, NJ 07011
                                             973-327-9995
                                             alex@ciroccolaw.com

## I.    LAW FOR RECONSIDERATION/RE-OPENING A DETENTION HEARING

As stated in defendant's memorandum in support of pretrial release, defendant's motion is submitted as either a motion to reconsider Your Honor's initial decision or a motion to reopen detention. *See* Defendant's Motion, ECF 102, pages 8-9.

"To motions for reconsideration of interlocutory orders, however, they have applied the "as justice requires" standard normally applied to motions under Rule 54(b) of the Federal Rules of Civil Procedure. *Coughlin*, 821 F. Supp. 2d at 18; *United States v. Bloch*, 794 F. Supp. 2d 15, 19 (D.D.C. 2011); *United States v. Sunia*, 643 F. Supp. 2d 51, 61 (D.D.C. 2009)." *Id.* "Asking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 255 F. Supp. 2d 531, 539 (D.D.C. 2005). Those circumstances include when a court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred.'" *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (quoting *Negly v. FBI,* 825 F. Supp. 2d 58, 60 (D.D.C. 2011)).

A detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(2)(B).

New evidence of defendant assisting an injured member of the crowd (*See* Exhibits K and L), evidence that the defendant's actions had nothing to do with the death of Roseanne Boyland

3

(*See* Exhibit J), the Government still not providing any evidence to support their claim that defendant's actions led to the death of Roseanne Boyland (*See* Gov.'s Opp., ECF 119), and the recent decisions in *U.S. v. Michael Joseph Foy*, Defendant., 21-CR-00108 (TSC), 2021 WL 2778559 and *U.S. v. George Pierre Tanios*, 1:21-cr-00222-TFH-2 is all information that warrants a reconsideration of Your Honor's initial decision and is new information that was not available at defendant's initial hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

    Whether defendant's motion is analyzed as a motion to reopen detention or a motion for reconsideration, the burden on the Government remains the same. To keep defendant detained pretrial as a flight risk, the Government's position must be supported by a preponderance of the evidence. To keep the defendant detained pretrial on the basis of dangerousness, the Government's position must be supported by clear and convincing evidence.

## II.  RISK OF FLIGHT

To detain the defendant on the basis of risk of flight, the Government's position must be supported by a preponderance of the evidence. *See United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).  Put more simply, the Government must convince Your Honor that if defendant is released pretrial, it is more likely than not that he will flee and not appear in Court as required.

As stated in his initial brief, defendant does not deny that he attempted to leave the jurisdiction after the January 6 events.  However, defendant's attempt to flee, while under no conditions or Court Orders, does not satisfy the Government's burden that he will not appear at future court hearings.  The only other argument the Government makes for risk of flight is defendant's potential prison exposure.  These facts fall short of proving it is more likely than not defendant will not appear in Court, especially considering the ability the Court has to impose conditions on defendant.

One of the many reasons "liberty is the norm" in our society is because of the ability the Court has to impose conditions on pretrial defendants, ensuring they appear in Court and do not flee the jurisdiction, while also allowing them to remain out of custody and still maintain their freedom from incarceration.  Defendant has no objection to being placed on home detention and installing a GPS ankle monitor on himself to satisfy any concerns that he will not appear in Court.  Defendant will also surrender all travel documentation, including his passport, license, and any other documents the Court would want surrendered.  Defendant surrendering his passport and all travel documentation ensures he is unable to flee the jurisdiction.  As previously stated, defendant's parents will sign off as Financially Responsible People and sign a bond in the amount of $100,000 each to ensure defendant does not flee.  His partner Michelle will also put her house up as additional collateral.

Although defendant's past criminal history is so de minis, defendant never failed to appear for Court or attempt to escape prosecution for his prior charges.  While his current charges are much more serious, his past actions do show this Court he followed prior Court Orders and complied with conditions.

Defendant being Indicted for more charges does nothing to further the Government's position that defendant will flee if released.  Defendant was already facing eight charges, seven of which were felonies, prior to the most recent Indictment.  A conviction under 18 U.S.C. § 111 (b) alone carries a maximum 20-year sentence.  Defendant's maximum exposure prior to the most recent Indictment would most likely keep him incarcerated for the rest of his natural life.  The defendant's high prison exposure is not enough to satisfy the Government's burden for detention.  If prison exposure alone was enough, any individual facing high prison exposure would always be detained pretrial for risk of flight.

The Government's evidence fails to satisfy their burden to keep defendant detained due to risk of flight.  They have not proven it is more likely than not that defendant would flee, especially with all the conditions the Court has the ability to put in place.

### III.     DANGER TO THE COMMUNITY

When the basis for pretrial detention is the defendant's danger to the community, the Government is required to demonstrate the appropriateness of detention pursuant to subsection (e) by clear and convincing evidence. *See* 18 U.S.C. § 3142.  Put more simply, the Government must convince Your Honor that it is substantially more likely, or there is a high probability, that if released pretrial, defendant will engage in dangerousness conduct and commit more crimes.

The Government's brief seeks to label defendant's arguments as a second bite at the apple and an attempt to relitigate issues the Court has already ruled upon.  This is clearly not what defendant submitted.  Defendant submitted new evidence that goes directly to the issue of whether or not there is a high probability that defendant will be a danger to the community if released.  Additionally, defendant's submission of new evidence, and the lack of evidence the Government has provided in regards to some of its claims, warrants a re-analysis of some of the Court's original findings.

Defendant submitted new, indisputable evidence that showed him help and carry away an injured protester immediately after the events at the top of the Lower Western Steps. *See* Exhibits K and L.  Defendant does not argue that this act should lead to a dismissal or reduction of his charges.  However, this act by defendant clearly goes to the issue of him being a danger to the community if released.  Defendant's act of assisting an injured protester, carrying him away from the crowd, and not re-engaging in any other acts directly conflicts with the Government's argument that defendant will be a danger to the community if released.

Although not new evidence, defendant does point out facts that were not presented to Your Honor at the first detention hearing in regards to the picture of defendant over Officer B.M. *See* Exhibit I.  Specifically, the evidence showed that defendant was not hitting Officer B.M in

7

the back of the neck and the snapshot exhibit was taken at the top of the steps, not at the bottom. Defendant must be afforded some latitude in regards to Your Honor's prior findings to show the Government failed to meet their burden, especially considering immediately after this incident, an incident Your Honor heavily relied on in finding the Government met their burden to detain, defendant presented new evidence showing him helping an injured protester.

Besides presenting the Court with new video evidence of defendant assisting an injured protester, defendant also presented evidence that the Government misrepresented facts in regards to their claim that defendant's actions led to the death of another protester, specifically Roseanne Boyland. *See* Exhibit J.  The Government's brief did not address defendant's claim that the evidence clearly showed his actions had nothing to do with the death of Ms. Boyland.  Their silence speaks volumes.

It is obvious from both the evidence presented and the Government's silence that defendant Jeffrey Sabol had nothing to do with the death of Ms. Boyland.  As stated in defendant's brief, Your Honor relied on this allegation by the Government when You found they satisfied their burden for detention in regards to dangerousness.  Now that this claim by the Government is shown to be false, combined with other new evidence defendant has submitted, it is clear the Government has not met their burden to detain as to dangerousness.

In their opposition to defendant's motion, the Government continually cited to the weight of the evidence, the least important of four factors under 18 U.S.C. 3142 (g), and specifically cited to the new Indicted charges.  Although the weight of evidence for some of the new charges may weigh in favor of detention, the new evidence also adds support to defendant's initial arguments.

8

The new evidence again shows defendant not attempting to use the zip ties he had in his bookbag. Although some of the evidence shows defendant running at officers, the evidence again doesn't show defendant using any weapons to attack officers. The new evidence again shows defendant did not enter or attempt to enter the U.S. Capitol Building. The new evidence fails to show any celebration or promotion of defendant's actions after January 6.

The new evidence clearly contradicts the Government's argument that defendant's actions "involved spontaneous coordination with his fellow rioters, and showed that he assumed a leadership position in the moment." *See* Gov.'s Opp., ECF 119, page 13. There has never been any evidence put forth by the Government that shows defendant coordinated with or assumed any leadership roles in any of his actions on January 6.

The new evidence also shows that all of defendant's actions and alleged crimes happened when he was with a crowd of people, not by himself. The only time, in his entire life, that defendant has been charged with crimes of violence or violent activity, was on January 6, 2021. That day has come and passed. The election has been certified. Joe Biden was sworn in as President of the United States of America. The Government stated, again, that if released, "the defendant would have even more opportunities to unleash violence against those in "battle" against him, and to destroy evidence and obstruct the proceedings against him." *See* Gov.'s Opp. ECF 119, page 14. That is not a "clearly identified" threat that *Munchel* Court spoke of to detain a defendant pretrial.

The decisions in other January 6 defendants' cases, which came after Mr. Sabol's initial detention hearing, also warrant a reconsideration of Your Honor's decision. Defendant highlighted the *Foy* and *Tanios* cases, which involved defendants being much more violent and showed evidence of prior planning. Both defendants have since been released.

9

The Government's arguments to keep defendant detained due to dangerousness do not satisfy their burden of clear and convincing evidence.  Their arguments and reasons only relate to the weight of the evidence and still do not show any clearly identified threat.

## IV.     DISCOVERY ISSUES

On August 23, 2021, the same day defendant filed his bond motion, undersigned counsel received an email from the DC jail regarding defendant's discovery packet that was sent to the jail on June 18, 2021.  Counsel was informed that discovery was received by the jail and defendant would be placed on a waiting list to view his discovery.  As of today's date, defendant has not had an opportunity to view any discovery in the jail.

## V.  CONCLUSION

**WHEREFORE,** for the foregoing reasons, and all others which may appear at oral argument on this matter, and any others this Court deems just and proper, defendant requests as that he be released on Third Party Custody and placed into the High Intensive Supervision Program of the Pretrial Services Agency conditioned on reasonable conditions, including, but not limited to, electronic monitoring and curfew.

**FINALLY,** if all forms of pre-trial release are denied, undersigned counsel requests that this Court issue an Order granting defendant the right to possess in his cell at the D.C. jail, or any other place he is incarcerated, a laptop that affords him the ability to review all paper and video discovery the Government has provided.

Dated: September 24, 2021                                             Respectfully submitted,

s/Alex Cirocco
Alex Cirocco, Esq.
Attorney for Jeffrey Sabol
DC Bar ID # NJ 037
Law Offices of Alex Cirocco, LLC
600 Getty Avenue, Suite 305
Clifton, NJ 07011
973-327-9995
alex@ciroccolaw.com
