UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 21 Cr. 35 (RC) |
| | : | |
| **JEFFREY SABOL,** | : | |
| **CLAYTON RAY MULLINS,** | : | |
| **RONALD COLTON MCABE,** | : | |
| **MASON JOEL COURSON,** | : | |
| | : | |
| Defendants. | : | |

## JOINT STATUS REPORT AND MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the United States Attorney, and defendants Jeffrey Sabol, by and through his attorney, Alex Cirocco, Esq., Clayton Ray Mullins, by and through his attorney, Pat M. Woodward, Esq., Ronald Colton McAbee, by and through his attorney, William Shipley, Esq., and Mason Joel Courson, by and through his attorney, Nicholas Smith, Esq. hereby submit this joint status report and request that the Court keep the September 25, 2023 trial date previously set for trial in this matter.  The United States further moves this Court to exclude the time from the date this Court enters an Order on this motion through and including September 25, 2023, from the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  The parties state as follows:

### FACTUAL BACKGROUND AND CURRENT CASE STATUS

As this Court is aware, the defendants are charged via indictment with felony and misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6,

2021, including violations of 18 U.S.C. §§ 1512(c)(2), and 2, Obstruction of an Official Proceeding and Aiding and Abetting; 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C § 111(a)(1) and (b), Assaulting, Resisting, or Impeding Certain Officers or Employees (resulting in bodily injury); 18 U.S.C § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers or Employees; 18 U.S.C. § 1752(a)(1), (2), and (4), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Knowingly Committing an Act of Physical Violence in any Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2), Engaging in an Act of Physical Violence in the Capitol Grounds or Buildings.

On August 11, 2022, Judge Sullivan, to whom this case was then assigned, scheduled jury selection to commence on September 25, 2023.  Although the Court has offered to conduct the trial at an earlier date, the parties have conferred and all request that this September 25, 2023 date remain.

In addition, although certain portions of the time between the filing of this status report and the date of trial will be excluded pursuant to the Speedy Trial Act due to the briefing of pre-trial motions, the Government is seeking exclusion of the entire time period based on the parties' need adequately to prepare for trial.

The Government has provided relevant, individualized discovery regarding this case to defense counsel, and continues to produce discovery as materials are identified.  For example, on November 14, 2022, the Government produced materials from the FBI's case files relating to defendant McAbee, materials pertaining to the grand jury presentation in the case, and images relating to the charged assaults.  The Government is also continuing to provide global discovery

in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined, the latest of which was disclosed on December 12, 2022 (Global Disclosure No. 23).

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the

3

>  reasonable time necessary for effective preparation, taking into account
>  the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to continue to review voluminous discovery produced is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to exclude the time under the Speedy Trial Act.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties also need additional time to prepare for trial.  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

Government's counsel notified defendants' counsel of the filing of this status report and motion.  Counsel for all defendants join in the request to maintain the September 25, 2023 trial date.  Counsel for defendants Sabol and Mullins consent to the exclusion of time pursuant to the Speedy Trial Act until September 25, 2023.  Counsel for defendant McAbee has not indicated his position on the Government's motion.  Pursuant to the Court's oral order on November 30, 2022, the time from that date until March 31, 2023 is excluded pursuant to the Speedy Trial Act with respect to defendant Courson.  Counsel for Courson does not consent to the exclusion of time

beyond March 31, 2023.

WHEREFORE, the parties respectfully request that this Court maintain the September 25, 2023 trial date previously set in this matter. The Government further requests that the Court exclude from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the time from the date this Court enters an Order on this motion through and including the date of trial on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    /s/ *Benet J. Kearney*_____
        Matthew Moeder
        MO Bar No. 64036
        Benet J. Kearney
        NY Bar No. 4774048
        Assistant United States Attorneys
        601 D Street, N.W.
        Washington, D.C. 20530
        (816) 426-4103 / (212) 637 2260
        Benet.Kearney@usdoj.gov /
        Matthew.Moeder@usdoj.gov